UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:                                                    Case No. 09-55443-wsd

    COOPER, TERRENCE B.,                         Chapter 7

        Debtor.                                   Hon. Walter Shapero

_____/

## OPINION GRANTING IN PART INTERESTED PARTY DAVID FINDLING'S MOTION FOR RELIEF FROM STAY

This matter is before the Court upon Interested Party David Findling's Motion for Relief from Stay (Docket No. 16), particularly as it relates to certain real property.

*I*

On August 26, 1996, a judgment of divorce (the "Judgment") was entered between Debtor and Lu Ann Cooper n/k/a Lu Ann Konarske. As part of the Property Settlement portion of the Judgment, Debtor was awarded the marital home, but subject to a specified lien in favor of Konarske in the amount of $25,000. The lien was payable upon the occurrence of certain events. The Judgment also provided that: (1) the lien was to be further evidenced by a reference thereto in a Quit Claim Deed which Konarske was required to execute transferring her interest in the home to Debtor; (2) if the lien balance was not paid in full upon the happening of the triggering events, the home was to be listed for sale to a bona fide purchaser and her lien was to be paid from the sale proceeds; and (3) any costs of a receiver were to be borne by Debtor.

The Quit Claim deed was recorded on December 3, 1996. The Judgment of Divorce was also recorded. An event triggering the payment of the lien occurred in 2008. Payment was not forthcoming and thereafter the state court, by an order dated April 6, 2009, appointed Movant as the Receiver over all of Debtor's assets, including what had been the marital home. The appointing order also contained various provisions authorizing, among other broad powers, the Receiver to do certain things incident to

1

enforcing all of Debtor's obligations to Konarske under the Judgment in the event that Debtor filed for bankruptcy. Debtor filed his voluntary chapter 7 petition on May 15, 2009 and thereafter the Receiver filed the pending motion to lift the stay, and other motions, all designed to free him to pursue his activities pursuant to the state court appointing order. Konarske is listed on Debtor's schedules as an, indeed the only, unsecured creditor.

## *II.*

Debtor's defense to the Motion is that the lien created by the Judgment is subject to the provisions of Michigan's Judgment Lien Act, MCL 600.2801 *et seq*, and, as such, it either expired after five years because it was not renewed, or, it will be extinguished by his anticipated bankruptcy discharge. If either is so, Debtor argues, the required cause to grant the Receiver's lift stay motion does not exist.

The lien at issue here was created by the Judgment of Divorce. It is not disputed that courts have the ability to create a lien in a divorce judgment. *Walworth v. Wimmer*, 200 Mich. App. 562, 564 (Mich. Ct. App. 1993). However, the fact that the lien was created by a judgment, and hence can fairly be referred to as a "judgment lien" in the ordinary sense of the term, does not necessarily mean it is a "judgment lien" for the purposes of the Judgment Lien Act.

The Judgment Lien Act defines a "judgment lien" as "an encumbrance in favor of a judgment creditor against a judgment debtor's interest in real property, including, but not limited to, after acquired property." MCL § 600.2801(c). The Act provides that a "judgment lien attaches to a judgment debtor's interest in real property if a notice of judgment lien is recorded in accordance with this chapter in the land title records of the register of deeds for the county where the property is located." MCL § 600.2803. The Act further provides that a judgment lien expires 5 years after the date it is recorded if it is not renewed, and that a judgment lien is extinguished if a copy of a "judgment debtor's discharge in bankruptcy … and a copy of the bankruptcy schedule listing the judgment debt" is filed in the office of the register of deeds where the judgment lien is recorded. MCL § 600.2809. These last provisions are relied upon by Debtor for his argument that

the lien at issue is expired, and, if not expired, is capable of being extinguished upon the filing with the register of deeds a copy of the anticipated discharge.

Two other provisions are relevant: (1) § 2817, which provides: "A judgment lien is *in addition to and separate from* any other remedy or interest created by law or contract"; and (2) § 2819, which provides, in part: "There is no right to foreclose a judgment lien *created under* this chapter." (emphasis added).

It is readily apparent that the Judgment Lien Act was created to deal with the basic situation where someone has obtained a money judgment and wishes to enforce and collect same. In essence, it gives a judgment creditor the additional tool of obtaining a lien on a judgment debtor's real property if the prescribed recording procedure is followed. It should be noted, among other things, that this statute was first effective on September 1, 2004 – long after the lien in this case was created and recorded. Debtor does not explain how its five year extinguishment provisions might legally or logically be made applicable in this case, when the five year period had expired some three years before the enactment of the law prescribing that period, a law which has no provision respecting any retroactivity. That, however, is not the basis for the Court's conclusion that the lien involved here simply is not governed by that statute.

The lien envisioned by that statute is initially created and perfected in the first instance by following the statutorily prescribed recording procedure. The lien in this case was created and perfected some eight years prior to the effective date of the statute and by way of the provisions of the Judgment. It was not created or perfected by way of the statutory procedures prescribed, as indeed it could not have been, given its date and the effective date of the statute. Its effectuation (not its creation or perfection) was contemplated, if necessary, thru the appointment of a receiver. Further, and as noted, a lien obtained via the Judgment Lien Act, cannot be foreclosed upon (and only is in effect paid off when there is a sale or disposition of the subject property). The Receiver in this case is in essence foreclosing upon the lien created by the Judgment. Further, and as also noted, a lien obtained pursuant to its provisions, is in addition to, and separate from, any other remedy or interest created by law or contract. The Judgment in this case is in fact and in law such other remedy or interest created by law. It is thus not covered or affected

3

and by reason of the foregoing it has not been, and by virtue of its provisions, will not be extinguished by the passage of time or the entry of a discharge of the Debtor in this case.

## *III.*

Section 362(d)(1) of the Bankruptcy Code provides, after notice and a hearing, the Court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." The Bankruptcy Code does not define the term "cause" as it is used in § 362(d)(1), and therefore courts must make a case-by-case determination of whether relief is appropriate. *Laguna Associates Limited Partnership. v. Aetna Casualty & Surety Co. (In re Laguna Assocs. Ltd. Pshp.)*, 30 F.3d 734, 737 (6th Cir. 1994).

Here, the case being a chapter 7, and the subject Property therefore not being necessary for an effective reorganization, for the above stated reasons the Court concludes that there is cause to lift the stay.

The Receiver has also requested to have the stay lifted with respect to certain personal property in his possession as receiver, the Court will set a hearing on that matter by separate notice.

The Receiver shall submit an appropriate order.

.

**Signed on October 16, 2009**
                                                  **___ __/s/ Walter Shapero_   ___**
                                                  **Walter Shapero**
                                                  **United States Bankruptcy Judge**